UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| **ALAN L. FRANK LAW ASSOCIATES, P.C.** :<br>135 Old York Road :<br>PA, 19046 :<br>:<br>:<br>               **Plaintiff,** :<br>    v. :<br>:<br>**OOO RM INVEST** :<br>Italyanskaya str #5 :<br>St. Petersburg, Russia 191011 :<br>:<br>**VARWOOD HOLDINGS, LTD** :<br>British Virgin Islands, Company :<br>c/o TCAHAI HAIRULLAEVICH KATCAEV :<br>21 Zagrebsky Blvd, Apt 8 :<br>St Petersburg, Russia 192284 :<br>:<br>**TCAHAI HAIRULLAEVICH KATCAEV** :<br>21 Zagrebsky Blvd, Apt 8 :<br>St Petersburg, Russia 192284 :<br>:<br>**SASHA SCHMDT** :<br>2740 Cropsey Avenue, Apt 6G :<br>Brooklyn, NY 11214 :<br>:<br>And :<br>:<br>**SERGEY PIROZHNIKOV** :<br>26-1 Prospect Bolshevikov, Apt 1 :<br>St Petersburg, Russia 192284 :<br>:<br>               **Defendants** : | CIVIL ACTION<br><br>NO. |

---

**COMPLAINT FOR INTERPLEADER**

Plaintiff, Alan L. Frank Law Associates, P.C. ("ALFLAW"), through its undersigned counsel in this Interpleader Complaint, alleges as follows:

**PARTIES**

1. ALFLAW is a professional corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business at 135 Old York Road, Jenkintown, PA 19046.

2. OOO RM Invest ("RM") is a limited liability company organized under the laws of the Russian Federation with its principal place of business in St. Petersburg, Russia. RM has three members: Tcahai Hairullaevich Katcaev ("Katcaev"), Sergey Pirozhnikov ("Pirozhnikov"), and Sasha Schmdt ("Schmdt").

3. Katcaev,is a citizen of the Russian Federation residing at 21 Zagrebsky Blvd, Apt 8 St. Petersburg, Russia 192284.

4. Pirozhnikov is a citizen of the Russian Federation residing at 26-1 Prospect Bolshevikov, Apt 1 St Petersburg, Russia 192284.

5. Sasha Schmdt is a citizen of the United States of America residing at 2740 Cropsey Avenue, Apartment 6G, Brooklyn, New York 11214.

6. Varwood Holdings, LTD ("Varwood") is a company organized under the laws of the British Virgin Islands with its principal place of business in St. Petersburg, Russia. (RM, Varwood, Katcaev, Schmdt, and Pirozhnikov are hereinafter collectively referred to as the "Claimants").

## JURISDICTION AND VENUE

7. This Court has jurisdiction under 28 U.S.C. § 1335, in that the adverse claimants are of diverse citizenship and the amount in controversy exceeds $500.00. There is minimal diversity between the claimants under *State Farm Fire & Casualty Co. v. Tashire*, 386 US. 523 (1967).

8. Venue is proper in this federal district pursuant to 28 U.S.C. ¶1397 because one or more of the claimants reside in this judicial district.

## CAUSE OF ACTION IN INTERPLEADER

9. Pursuant to the terms of a Confidential Settlement Agreement between the Claimants and several non-parties, the Claimants were entitled to payments in excess of Five Hundred Dollars ($500.00) ("Settlement Proceeds").

10. The Settlement Proceeds were paid into ALFLAW's client IOLTA account.

11. Thereafter the Claimants, the Defendants herein, disputed the amount of disbursements to be made to each of the Claimants out of the settlement proceeds.

12. Under the circumstances, ALFLAW cannot determine factually or legally the amounts payable to each of the Claimants under the settlement agreement. By reason of the actual or potential claims of the interpleading defendants, ALFLAW is or may be exposed to multiple liability.

13. ALFLAW is ready, willing and able to pay the Claimants' portion of the Settlement Proceeds to the Claimants in accordance with the terms of the settlement agreement to whomever this Court shall designate.

14. As a mere stakeholder, the ALFLAW has no interest (except to recover its attorneys' fees and cost of this action) in the Settlement Proceeds and respectfully requests that this Court determine to whom the Settlement Proceeds should be paid.

15. ALFLAW accordingly will deposit into the Court the settlement amounts for disbursement in accordance with the judgment of this Court.

16. ALFLAW has not brought this Complaint in Interpleader at the request of any of the Defendants. There is no fraud or collusion between ALFLAW and any of the Defendants. ALFLAW brings this Complaint of its own free will and to avoid being vexed

and harassed by conflicting and multiple claims.

   **WHEREFORE,** the Plaintiff prays that the Court enter judgment:

(a) requiring the Defendants to answer this Complaint in Interpleader and litigate their claims between themselves for the Settlement Proceeds;

(b) enjoining the Defendants from instituting or prosecuting any proceeding in any state or United States court affecting the Settlement Proceeds;

(c) requiring that the Defendants settle and adjust between themselves, or upon their failure to do so, this Court settle and adjust the claims and determine to whom the Settlement Proceeds should be paid;

( d) permitting ALFLAW to deposit the amount of the Settlement Proceeds, into the Court or as this Court otherwise directs to be subject to the order of this Court and to be paid out as this Court shall direct;

( e) discharging ALFLAW from any and all further liability to Defendants relating in any way to the Settlement Proceeds upon payment of the Settlement Proceeds into the Registry of this Court or as otherwise directed by this Court; and

(f) awarding ALFLAW any other and further relief that this Court deems just and proper. Respectfully submitted,

                 /s/_____
                 Alan L. Frank, Esq.

Date:  February 22, 2016

Case 1:16-cv-22484-CMA Document 1 Entered on FLSD Docket 02/22/2016 Page 5 of 5