UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-22484-CIV-ALTONAGA/O'SULLIVAN

ALAN L. FRANK LAW ASSOCIATES, P.C.,

Plaintiff,

v.

OOO RM INVEST, *et al.*,

Defendants.
_________________________________/

**SETTLING PARTIES' MEMORANDUM OF LAW IN OPPOSITION TO PARTICIPANT PARTIES' MOTION TO DETERMINE REPRESENTATION OF RM INVEST [D.E. 65]**

THE BEHAR LAW FIRM, P.A.
17501 Biscayne Blvd. Ste. 460
Aventura, Florida 33160
(786) 735-3300

*Attorneys for Defendants OOO RM Invest, Varwood Holdings, Ltd., and Tcahai Hairullaevich Katcaev*

Defendants OOO RM Invest ("**RM**"), Varwood Holdings, Ltd. ("**Varwood**"), and Tcahai Hairullaevich Katcaev, a/k/a Tsakhay Katsaev ("**Katcaev**") (collectively, the "**Settling Parties**"), by undersigned counsel, hereby file their Memorandum in Opposition to Defendants Sasha Schmdt, a/k/a Alexander Schmdt ("**Schmdt**") and Sergey Pirozhnikov's ("**Pirozhnikov**") (collectively, the "**Participant Parties**") Motion to Determine Representation of RM Invest [D.E. 65] (the "**Motion**"), and state:

**Preliminary Statement**

The Participant Parties' Motion attempts, falsely and misleadingly, to characterize the instant action as a dispute between RM, a Russian company, and the Participant Parties on the one hand, and Katcaev and Varwood on the other.

In actuality, the dispute in this case is between: (1) the Settling Parties, who were represented by Plaintiff in arbitration and litigation in Florida, and who agreed to settle their claims in exchange for a cash settlement; (2) the Participant Parties, who were not parties to either the arbitration or litigation, and yet assert that their equity interest in one of the Settling Parties, RM, entitles them to direct disbursement of the settlement proceeds to themselves; and (3) Plaintiff, who initiated this interpleader action. It is Plaintiff's misguided belief that it should remain neutral in this dispute between its former clients and the Participant Parties – who were never Plaintiff's clients, and who are engaged in a wrongful effort to misappropriate the cash settlement for themselves – that led to this action.

It is axiomatic, as a matter of both U.S. and Russian law, that limited liability companies act through their *management* and not through their *members*.[1] Here, the management of RM (through its longstanding Director General, Dmitri Grudtsin) entered into a written agreement

[1] Under Russian law, however, members of a limited liability company are known as "participants," and unlike U.S. law, have extremely limited power over the direction of the entity. *See* Ernst & Young Legal Opinion [D.E. 18].

(the "Division Agreement") with the other Settling Parties (Varwood and Katcaev) regarding how and to whom the settlement funds should be disbursed. The Division Agreement, together with the Settlement Agreement, should be dispositive of the central question in this action: who gets the money?

Confronted with the clear legal implications of the foregoing (*i.e.*, that the settlement funds belong to the Settling Parties and should be disbursed in accordance with their agreement), the Participant Parties have embarked upon a two-prong strategy to misappropriate the money for themselves. *First*, the Participant Parties are falsely alleging in their Crossclaim that Grudtsin's appointment as RM's Director in *September 2012* was made without their consent. On that basis, the Participant Parties seek a declaratory judgment that, as a matter of *Russian* law, both the appointment and the Division Agreement are void. (Crossclaim [D.E. 24] ¶¶ 8-12.) *Second*, the Participant Parties are simultaneously taking the inconsistent position in Russia that Grudtsin was terminated as RM's Director and replaced with a new Director in *April 2016* (Motion at 3-4). Neither RM nor the competent Russian authorities, however, recognize this purported act, which is violative of Russian law.

As set forth in the Settling Parties' Motion to Dismiss, the Crossclaim fails, *inter alia*, to present a justiciable controversy insofar as it seeks relief that the Participant Parties could not otherwise obtain, and have not sought, from the Russian courts having exclusive jurisdiction over such matters.

And as set forth below, the Motion should either be denied or decided in favor of RM's current, actual management (*i.e.*, Mr. Grudtsin) because on June 8, 2016, the competent Russian court entered an order enjoining any changes from being made to the relevant Russian public records, which identify Grudtsin as still being RM's Director.

## Background

**A. RM**

1. RM is a limited liability company organized under the laws of the Russian Federation. RM has three "participants" (an equity position with far more limited rights than that of a shareholder or member in a U.S. company)[2]: Katcaev, Pirozhnikov, and Schmdt. (See Motion at 1-2.)

2. Katcaev is the Executive Director, Attorney-In-Fact, and 25% participant in RM. (Declaration of Tsakhay Katsaev ("**Katcaev Dec.**"), attached as Exhibit "A," ¶ 2.)

3. In September 2012, Dmitri Grudtsin ("**Grudtsin**") was appointed Director General of RM at a general participants' meeting at which all of RM's participants – Katcaev, Schmdt, and Pirozhnikov – were physically present. (Katsaev Dec., ¶ 3; Declaration of Dmitri Grudtsin ("**Grudtsin Dec.**"), attached as Exhibit "B," ¶ 4; Declaration of Sergey Malkerov ("**Malkerov Dec.**"), attached as Exhibit "C," ¶ 3.)

**B. The Arbitration and Lawsuit**

4. In early 2014, Varwood and Katcaev, through Plaintiff Alan L. Frank Law Associates, P.C. ("**Frank**") as their counsel, filed an arbitration claim against Net Element International, Inc. with the American Arbitration Association in Miami, Florida (the "**Arbitration**"). (Katsaev Dec., ¶ 5.)

5. On March 10, 2014, RM, through Frank as its counsel, filed in the United States District Court for the Southern District of Florida its Complaint [D.E. 1] in *OOO-RM Invest v. Net Element, Inc., et al.*, Case No. 14-cv-20903-CMA (the "**Lawsuit**"). (See Motion at 2.)

[2] *See* Ernst & Young Legal Opinion

6. In early 2015, the Arbitration was dismissed or stayed on the grounds that the claims asserted in the Arbitration overlapped with those asserted in the Lawsuit.

7. On February 17, 2015, Varwood, through Frank as its counsel, filed its Intervenor Complaint [D.E. 79] in the Lawsuit.

**C. The Settlement**

8. On October 1, 2015, the parties to the Lawsuit executed a confidential Stipulation of Mediation Settlement (the "**Settlement Agreement**," filed in this action as D.E. 34-2). The Settlement Agreement provides in relevant part for payment of certain sums (the "**Settlement Funds**") to Frank for the benefit of the Settling Parties. (See Motion at 2.)

9. The Settlement Agreement, however, does not specify how the Settlement Funds are to be divided among Frank's former clients, the Settling Parties. (Id.)

10. On October 13, 2015, the district court entered in the Lawsuit its Final Order of Dismissal with Prejudice [D.E. 150].

11. Frank has received all of the Settlement Funds and holds them in trust for the Settling Parties. (Katsaev Dec., ¶ 6.)

**D. RM's Retention of the Undersigned Law Firm**

12. Despite demand by his former clients (the Settling Parties), Frank has refused to disburse any portion of the Settlement Funds unless and until he receives a unanimous joint instruction from the *participants* in RM – Katcaev, Schmdt, and Pirozhnikov. (Katsaev Dec., ¶ 7.) It is RM's *management*, however, and *not* its participants, that has legal decision-making authority.[3]

[3] As a matter of Russian law, it is RM's Director General, and not its participants, who has decision-making authority for RM. *See* Ernst & Young Legal Opinion at 6-7. The Participant Parties do not dispute this legal principle, and instead claim that Grudtsin's appointment, made almost four (4) years ago and prior to the Lawsuit, "was illegal and invalid under Russian law." (Crossclaim [D.E. 24], ¶ 8.)

13. The Participant Parties, however, have demanded that the bulk of the Settlement Funds be paid to them, *directly and individually*, rather than to RM. (Id., ¶ 8.)

14. Accordingly, on or about December 11, 2015, Katcaev, Grudtsin, acting on behalf of RM, and Varwood retained the undersigned law firm to recover the Settlement Funds from Frank and to oppose and defeat the Participant Parties' efforts to claim the Settlement Funds for themselves individually. (Id., ¶ 9; Affidavit of Howard R. Behar, attached as Exhibit "D," ¶¶ 3-4.)

**E. The Division Agreement**

15. On or about January 29, 2016, Grudtsin, on behalf of RM, and Katcaev, on behalf of himself and Varwood, entered into that certain Settlement Proceeds Division Agreement (the "**Division Agreement**," filed in this action as D.E. 34-4), by which the Settling Parties agreed among themselves regarding the division of the Settlement Funds. (Katcaev Dec., ¶ 10; Grudtsin Dec., ¶ 6.)

**F. The Participant Parties' Post-Settlement Efforts to Wrest Control of RM from Grudtsin**

16. On January 19, 2016, the Participant Parties filed in the Lawsuit their Motion for Intervention [D.E. 153] (the "**Motion to Intervene**"), asserting claims to the Settlement Funds.

17. On February 16, 2016, the Participant Parties filed in the Lawsuit their Reply Memorandum in Further Support of their Motion to Intervene [D.E. 181], in which they falsely claim that Grudtsin's appointment – made three-and-a-half years earlier – "was not made at a general meeting," and is thus "illegal under Russian law." (Id. at 3.)[4]

[4] As explained by RM's in-house counsel, Sergey Malkerov, in the January 30, 2016 memorandum attached to his Declaration (at pp. 3-4), documentation evidencing Grudtsin's September 2012 appointment was registered in the Unified State Register of Legal Entities, discussed *infra*, on September 13, 2012. Prior to the recordation of such information, "the registering authority (the Federal Tax Service of Russia) analyzes [the] submitted document." *Id.* at p. 3. In the case of Mr. Grudtsin's appointment, the documentation "was checked by both the notary and the

18. Prior to the filing of that reply memorandum, however, none of RM's participants had ever raised any objection with the competent Russian authorities (or in any other forum) regarding Grudtsin's 2012 appointment as RM's Director General. (See Grudtsin Dec., ¶ 7; Malkerov Dec., ¶ 6.) Indeed, none of the Participant Parties have taken any action in Russia to *invalidate* either Grudtsin's appointment or the Division Agreement.[5] (Grudtsin Dec., ¶ 8.) Moreover, none of RM's participants raised any objection to Grudtsin's appointment or authority during the Litigation or related mediation and settlement. (Grudtsin Dec., ¶ 9.)

19. Instead, the Participant Parties have filed a Notification [D.E. 181-1, p. 6] of a purported general meeting of RM's participants, to be held on March 9, 2016 in St. Petersburg, Russia regarding *inter alia* "[t]he *termination* of authorities General manager of Dmitry Alexandrovich Grudtsyna." (Id.)[6]

20. In support of the instant Motion, the Participant Parties have filed what purports to be minutes from that general meeting – purportedly held on April 28, 2016 in Petrozavodsk, Russia and *not* on March 9, 2016 in St. Petersburg as noticed – at which RM's participants purportedly voted to "*terminate* the powers of the Director General of the Limited Liability Company RM-Invest Dmitry Aleksandrovich Grudtsin *from April 28th* [sic], *2016*." (Declaration of Sasha Schmdt in Support of Motion, Exhibit "A," at 2-3.)

---

Federal Tax Service" prior to registration. *Id.* Accordingly, the Participant Parties' claim that Mr. Grudtsin's appointment was "illegal," is demonstrably false.

[5] The procedure for invalidating an action by a Russian LLC's Director General is to bring a proceeding in the Russian courts within two months of the action. *See* Ernst & Young Legal Opinion at 8-9. Because the Division Agreement was executed on January 29, 2016, and the Participant Parties have not filed any action in the Russian courts to invalidate Grudtsin's execution of the Division Agreement, any such claims are now time-barred.

[6] All emphasis herein is added unless otherwise noted.

21. Any decisions made at this purported meeting, however, are legally ineffective because, among other reasons, such a meeting can be convened only by RM's Director General, Grudtsin. (See Malkerov Dec. at pp. 7-8.)

22. Not surprisingly, as of May 11, 2016 the official records of the Russian Unified State Register of Legal Entities (the "**EGRUL**")[7] reflect that Grudtsin remained RM's Director General. (See certified translation of certified copy of May 11, 2016 Extract from the Unified State Register of Legal Entities ("**May Extract**"), attached as Exhibit "E," at lines 33-39.)

23. Sometime subsequent to the unlawful purported April 28, 2016 meeting, the Participant Parties attempted to *terminate* Grudtsin as RM's Director General (but not to retroactively invalidate his appointment) and appoint a new Director General. (See Katsaev Dec., ¶ 11.)

24. In response to the Participant Parties' unlawful efforts to claim for themselves the Settlement Funds belonging to RM, and, in furtherance of those efforts, to replace RM's Director General, on May 19, 2016, Katcaev initiated a legal proceeding in Arbitration Court (which, as a matter of Russian law, has exclusive jurisdiction over the matter)[8] in the City of Moscow styled *Tsakhay Katsaev v. RM Invest, Sergey Pirozhnikov, and Alexander Schmdt*, Case No. A40-110830/2016-104-983 (the "**Russian Proceeding**"), seeking an order expelling the Participant Parties from membership in RM. (See Katsaev Dec., ¶ 12.)

[7] The EGRUL "contains information on the formation and significant business events for all legal entities organized and existing under the laws of the Russian Federation." Ernst & Young Legal Opinion at 2. "Only the Director General appointed by the general meeting of participants *and registered on EGRUL* may [enter into contracts] on behalf of the LLC." *Id.*

[8] "[C]orporate disputes (disputes between participants of an LLC in relation to participation in the LLC, disputes between participant (participants) and the LLC or disputes related to participant (participants) challenging transactions of the LLC) are under jurisdiction of arbitration Courts of the Russian Federation." Ernst & Young Legal opinion at 1. The Ernst & Young Legal Opinion defines "Court," as the term is used in the Opinion, as "an authorized arbitration court of the Russian Federation eligible for resolving corporate disputes under the rules of *exclusive and territorial jurisdiction* provided by the Arbitration Procedural Code of the Russian Federation." *Id.* at 2.

25. On June 8, 2016, that Arbitration Court entered an Order in the Russian Proceeding enjoining the Russian Federal Tax Service (the registering authority) from making any changes in the information reflected in the ERGUL for RM. (See certified translation of June 8, 2016 Order (the "**Russian Order**"), attached as Exhibit "F.")

26. As of June 9, 2016, the records of the EGRUL correctly reflect that Grudtsin is RM's Director General. (See certified translation of certified copy of June 9, 2016 Extract from the Unified State Register of Legal Entities ("**June Extract**"), attached as Exhibit "G," at lines 33-39.)

**Argument**

As set forth *supra*, on June 8, 2016, the Arbitration Court in the Russian Proceeding entered an order enjoining the registering authority from making any changes to the information reflected in the EGRUL for RM. (See Russian Order.) As also set forth *supra*, as of June 9, 2016 – three weeks before the Participant Parties served their Motion claiming that "there is no question that the *current* duly-appointed Director General is Konstantin Maksimovich Prudnichenko" (Motion at 1 (emphasis in original)) – the records of the EGRUL indicated that Grudtsin is still RM's Director. (June Extract, lines 33-39.) This fact alone is dispositive as to the identity of RM's Director and thus this Motion.

As indicated in Ernst & Young's Legal Opinion, "[a]n LLC's Director General is the individual appointed by the LLC's general meeting (or the board of directors, if authorized under the LLC's Charter) *and registered as a general director on EGRUL*." [D.E. 18 at 4.] "Only the Director General appointed by the general meeting of participants *and registered on EGRUL* may [enter into contracts] on behalf of the LLC." *Id.* at 2. "An LLC's participant may at the

same time be the LLC's Director General, but this status must be obtained following an appropriate procedure *and recorded on EGRUL*." *Id.* at 4.

According to the EGRUL, Grudtsin was still RM's Director as of June 9, 2016. (June Extract, lines 33-39.) Because the Participant Parties have not provided this Court with any record from the EGRUL (or any other Russian authority) supporting their false claim to have appointed a new Director, the Motion should either be denied or decided in favor of RM's current, actual management, which has engaged the undersigned firm to recover the Settlement Funds from Frank and to oppose and defeat the Participant Parties' improper efforts to appropriate those monies for themselves individually.

WHEREFORE, Defendants OOO RM Invest, Varwood Holdings, Ltd., and Tcahai Hairullaevich Katcaev respectfully request that the Court enter an order either denying Defendants Sasha Schmdt and Sergey Pirozhnikov's Motion to Determine Representation of RM Invest, or deciding said motion in favor of RM's current, actual management, which has engaged the undersigned firm as its attorneys in this action, together with such other and further relief as the Court deems just and proper.

Dated: July 1, 2016

**THE BEHAR LAW FIRM, P.A.**
*Attorneys for Settling Parties*
17501 Biscayne Boulevard, Suite 460
Aventura, FL 33160
Tel: (786) 735-3300
Fax: (786) 735-3307
hrb@beharlegal.com
sms@beharlegal.com
np@beharlegal.com

By: *s /Samuel M. Sheldon*
**Howard R. Behar**
Florida Bar No. 54471
**Samuel M. Sheldon**
Florida Bar No. 54088

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on **July 1, 2016,** a true and correct copy of the foregoing was filed via the CM/ECF system, which will send a notification of electronic filing to all counsel or parties of record on the attached Service List.

By: *s/ Samuel M. Sheldon*
**Samuel M. Sheldon**

**SERVICE LIST**
**Case No. 16-22484-CIV-ALTONAGA/O'Sullivan**

**Alan L. Frank**
Alan L. Frank Law Associates, P.C.
135 Old York Road
Jenkintown, PA 19046
afrank@alflaw.net

**Keith David Silverstein**
Keith D. Silverstein, P.A.
200 S. Biscayne Blvd., Suite 4310
Miami, Florida 33131
Keith.silverstein@gmail.com
keith@silversteinpa.com
vanessa@silversteinpa.com

**Natasha B. Dorsey**
Rimon Law, P.A.
112 Via Castilla
Jupiter, FL 33458
Natasha.dorsey@rimonlaw.com
Richard.mooney@rimonlaw.com