UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-22484-CIV-ALTONAGA/O'SULLIVAN

ALAN L. FRANK LAW ASSOCIATES P.C.,

      Plaintiff,

v.

OOO RM INVEST, VARWOOD HOLDINGS,
LTD., TCAHAI HAIRULLAEVICH
KATCAEV, SASHA SCHMDT, SERGEY
PIROZHNIKOV

      Defendants.
_____/

## REPORT  RECOMMENDATION

THIS MATTER comes before the Court on the Settling Parties' Verified Motion to

Dismiss Complaint (DE# 72, 7/8/16) and the Settling Parties' Renewed Motion to

Dismiss Crossclaim [D.E. 24] (DE# 106, 9/2/16) filed by Varwood Holdings, Ltd. and

Tcahai Hairullaevich Katcaev, a/k/a Tsakhay Katsaev (collectively, "Settling Parties").

These motions were referred to the undersigned pursuant to 28 U.S.C. § 636(b) for a

report and recommendation. See Order of Reference to Magistrate Judge O'Sullivan

(DE# 47, 6/24/16). Having reviewed the applicable filings and the law, the undersigned

respectfully RECOMMENDS that the Settling Parties' Verified Motion to Dismiss

Complaint (DE# 72, 7/8/16) **DENIED** and Settling Parties' Renewed Motion to Dismiss

Crossclaim (DE# 106, 9/2/2016) be **GRANTED** for the reasons stated herein.

## BACKGROUND

On February 22, 2016, the plaintiff, Alan L. Frank Law Associates P.C.

(hereinafter "Frank") filed a complaint asserting a cause of action for interpleader

against the defendants, OOO RM Invest ("RM Invest"), Varwood Holdings, Ltd. ("Varwood"), Tcahai Hairullaevich Katcaev ("Katcaev"), Sasha Schmdt ("Schmdt") and Sergey Pirozhnikov (hereinafter "Pirozhnikov"). See Complaint for Interpleader (DE# 1, 2/22/16) (hereinafter "Complaint").[1]

On May 9, 2016, Schmdt and Pirozhnikov (collectively, "Participant Parties")[2] filed their answer and crossclaim admitting all allegations of the Complaint and asserting a crossclaim for declaratory relief against the Settling Parties. See Answer and Crossclaim of Sasha Schmdt and Sergey Pirozhnikov (DE# 24, 5/9/16) (hereinafter "Crossclaim"). The crossclaim asks "[t]hat the Court enter judgment declaring that the settlement funds (other than those properly retained by Mr. Frank's Firm) are owned by RM Invest and that Varwood has no interest in or rights to the settlement funds." Id. at 4.[3]

On July 8, 2016, the Settling Parties filed a motion to dismiss the Complaint. See Settling Parties' Verified Motion to Dismiss Complaint (DE# 72, 7/8/16). The plaintiff and the Participant Parties filed responses in opposition to the Settling Parties' motion ti dismiss the Complaint on July 25, 2016. See Plaintiffs' Response to Motion to Dismiss

_____

[1] The instant interpleader action was initially filed in the United States District Court for the Eastern District of New York and was later transferred to this Court.

[2] For convenience, the undersigned employs the names "Participant Parties" and "Settling Parties" as used in the movants' filings, but does not ascribe any legal significance to those names. Additionally, both the Settling Parties and the Participant Parties claim be bring their filings on behalf of RM Invest.

[3] Some of the documents cited in this Report and Recommendation have multiple page numbers. For consistency and to avoid confusion, the undersigned will cite only to the page numbers on the top, right-hand side of each page automatically assigned by the Court's CM/ECF system.

Complaint (DE# 86, 7/25/16); The RM Invest Parties' Opposition to Motion to Dismiss Complaint (DE# 87, 7/25/16). The Settling Parties filed their reply on August 4, 2016. See Defendants' Reply Memorandum of Law in Further Support of Motion to Dismiss Complaint (DE# 94, 8/4/2016).

The Settling Parties also moved to dismiss the Crossclaim filed by the Participant Parties. See Settling Parties' Renewed Motion to Dismiss Crossclaim [D.E. 24] (DE# 106, 9/2/16). The Participant Parties filed their response in opposition to the motion to dismiss the Crossclaim on September 19, 2016. See Majority Owners of RM Invest's Opposition to "Settling Parties" Renewed Motion to Dismiss Crossclaim (DE# 112, 9/19/16). The Settling Parties filed a reply in support of their motion on September 29, 2016. See Settling Parties' Reply Memorandum of Law in Further Support of Renewed Motion to Dismiss [D.E. 106] Crossclaim [D.E. 24] (DE# 123, 9/29/16).

The instant motions are ripe for adjudication.

## **FACTS**[4]

This action stems from a written settlement resolving claims asserted in the underlying action, OOO-RM Invest v. Net Element, Inc., Case No. 14-20903-CMA (S.D. Fla.). See Stipulation of Mediation Settlement (DE# 34-2, 6/9/16) (hereinafter

---

[4] The facts are summarized here to provide context. Because the Settling Parties are moving to dismiss under Rule 12(b)(1) and Rule 12(b)(6) some of the facts (particularly facts outside the Complaint or Crossclaim) will only be appropriate for the Court to consider when reviewing the request for dismissal under Rule 12(b)(1), but not the Rule 12(b)(6) request. Accordingly, the undersigned will address each form of relief separately and only consider those facts which are relevant or proper depending on the subsection of Rule 12 being examined.

"Settlement Agreement").[5] On October 1, 2015, RM Invest, Varwood, Katcaev and non-parties Net Element International, Inc., Net Element, Inc., Dmitry Kozko, Mike Zoi and Berkley Insurance Company entered into a Settlement Agreement. Id. The Settlement Agreement provided for the payment of settlement funds totaling $2,900,000. The Settlement Agreement did not dictate the manner in which the settlement funds would be distributed among the various parties or what amount of the settlement funds would be designated for attorney's fees.

Pursuant to the terms of the Settlement Agreement, the settlement funds were paid to the Frank trust account. See Complaint (DE# 1 at ¶10, 2/22/16). Of this amount, Frank has deposited $2,312,319.68 into the registry of the Court[6] (hereinafter "remaining Settlement Proceeds") and retained $587,680.32 in attorney's fees and costs.

The Complaint alleges that the defendants in the instant case "dispute[ ] the amount of disbursements to be made to each of the Claimants[7] out of the settlement proceeds" and that Frank "is or may be exposed to multiple liability." Id. at ¶¶11-12.[8]

---

[5] There was also an arbitration proceeding initiated in early 2014 by Frank on behalf of Varwood and Katcaev against Net Element. "In early 2015, the [a]rbitration was dismissed or stayed on the grounds that the claims asserted in the [a]rbitration overlapped with those asserted in the [l]awsuit." Settling Parties' Verified Motion to Dismiss Complaint (DE# 72 at 4, 7/8/16).

[6] See Clerk's Receipt (DE# 67, 7/1/16).

[7] The Complaint defines the term "Claimants" to include "RM, Varwood, Katcaev, Schmdt, and Pirozhnikov." Complaint (DE# 1 at ¶6, 2/22/16).

[8] The Settling Parties argue there is no dispute concerning the disbursement of the remaining Settlement Proceeds and that Frank is only liable to the Settling Parties. See Settling Parties' Verified Motion to Dismiss Complaint (DE# 72 at 2-3, 7/8/16). The

On or about January 29, 2016, RM Invest, Varwood and Katcaev entered into a Settlement Proceeds Division Agreement (DE# 34-4, 6/9/16) (hereinafter "Division Agreement")[9] concerning the distribution of the remaining Settlement Proceeds totaling $2,308,129.60 ($2,900,000 minus the amount taken by Frank in attorney's fees and costs).[10] The Division Agreement provides that RM Invest and Varwood would split the remaining Settlement Proceeds as follows:

> a. The first $212,000 of the [remaining Settlement Proceeds] shall be paid to Varwood as reimbursement for the costs advanced by Varwood, on behalf of the Settling Plaintiffs, in the Lawsuit and related proceedings; and
>
> b. The remaining [Settlement Proceeds] after the reimbursement of Varwood provided in subsection (a) shall be paid in even shares (i.e., divided 50%/50%) to RM and Varwood.

Id. at 3.

## STANDARD OF REVIEW

1. **Rule 12(b)(1)**

Rule 12(b)(1) provides for the dismissal of a claim when the Court lacks subject

---

undersigned will address this argument in the Analysis portion of this Report and Recommendation.

[9] The parties dispute who controls and/or represents RM Invest and the Participant Parties challenge the validity of the Division Agreement on the ground that the person who executed the Division Agreement on behalf of RM Invest did not have the authority to do so.

[10] The Settling Parties contest Frank's entitlement to a 20 percent contingency fee. See Settling Parties' Verified Motion to Dismiss Complaint (DE# 72 at 5, 7/8/16) (stating that "Despite the fact that neither Varwood, Katcaev, nor a duly authorized constituent of RM [Invest] executed a written contingency agreement, Frank has taken for itself a 20% contingency fee of the entire pool of Settlement Funds paid for the collective benefit of the Settling Parties.").

matter jurisdiction. Fed. R. Civ. Pro. 12(b)(1). "Because a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case . . . ." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2002).

"Attacks on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) come in two forms: 'facial attacks' and 'factual attacks.'" Scarfo v. Ginsberg, 175 F.3d 957, 960 (11th Cir. 1999) (quoting Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990)).[11] "Facial attacks on a complaint 'require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in [the] complaint are taken as true for the purposes of the motion.'" Id. (quoting Dunbar, 919 F.2d at 1529). "Factual attacks challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered.'" Id.

"These two forms of attack differ substantially. On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion – the court must consider the allegations of the complaint to be true." Dunbar, 919 F.2d at 1529. "Exhibits to the complaint are considered a part of the complaint for all purposes . . . and may therefore be considered in deciding a motion to dismiss . . . ." Lawrence v.

---

[11] In their motion, the Settling Parties do not directly state whether they are bringing a factual attack or a facial attack on jurisdiction. However, in their reply, the Settling Parties indicate that the Court may properly consider documents that are not part of the Complaint. See Defendants' Reply Memorandum of Law in Further Support of Motion to Dismiss Complaint (DE# 94 at 10, 8/4/2016) (stating that "the Motion is made pursuant to Rule 12(b)(1), under which the Court can and should consider matters extrinsic to the pleadings."). Thus, it appears that the Settling Parties are bringing a factual attack on this Court's subject matter jurisdiction.

United States, 597 F. App'x 599, 602 (11th Cir. 2015) (citations omitted) (discussing a Rule 12(b)(6) motion to dismiss).

"On a factual attack of subject matter jurisdiction, a court's power to make findings of facts and to weigh the evidence depends on whether the factual attack on jurisdiction also implicates the merits of plaintiff's cause of action." Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A., 104 F.3d 1256, 1261 (11th Cir. 1997) (citing Dunbar, 919 F.2d at 1529). If the facts necessary to sustain jurisdiction do not implicate the merits of a plaintiff's cause of action, then:

> [T]he trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56. Because at issue in a factual 12 (b)(1) motion is the trial court's jurisdiction – its very power to hear the case – there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the court from evaluating for itself the merits of jurisdictional claims.

Id. (citing Dunbar, 919 F.2d at 1529 (quoting Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)). When the jurisdictional attack also implicates the elements of a cause of action:

> [T]he proper course of action for the district court . . . is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case. . . . Judicial economy is best promoted when the existence of a federal right is directly reached and, where no claim is found to exist, the case is dismissed on the merits. This refusal to treat indirect attacks on the merits as Rule 12(b)(1) motions provides, moreover, a greater level of protection to the plaintiff who in truth is facing a challenge to the validity of his claim: the defendant is forced to proceed under Rule 12(b)(6) . . . or Rule 56 . . . both of which place great restrictions on the district court's discretion. . . . [A]s a general rule a claim cannot be dismissed for lack of subject matter jurisdiction because of the absence of a federal cause of action. The exceptions to this rule are narrowly drawn, and are intended to allow jurisdictional dismissals only in those cases where the federal claim is clearly immaterial and insubstantial.

Id. (quoting Williamson v. Tucker, 645 F.2d 404, 415-16 (5th Cir. 1981) (internal quotation marks omitted)).

## 2.     Rule 12(b)(6)

In considering a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), the Court's analysis is generally limited to the four corners of the complaint and the attached exhibits. See Grossman v. Nationsbank, 225 F.3d 1228, 1231 (11th Cir. 2000). The Court must accept the non-moving party's well-pled facts as true and construe the complaint in the light most favorable to that party. Caravello v. Am. Airlines, Inc., 315 F. Supp. 2d 1346, 1348 (S.D. Fla. 2004) (citing United States v. Pemco Aeroplex, Inc., 195 F.3d 1234, 1236 (11th Cir. 1999) (en banc)).

To survive a motion to dismiss, the complaint must contain factual allegations which are "enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The issue to be decided is not whether the plaintiff will ultimately prevail, but "whether the [plaintiff] is entitled to offer evidence to support the claims." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984)).

<u>ANALYSIS</u>

**1.      Verified Motion to Dismiss Complaint (DE# 72)**

The Settling Parties move to dismiss the Complaint for lack of subject matter

jurisdiction pursuant to Rule 12(b)(1) and for failure to state a claim under Rule

12(b)(6). The undersigned will address each subsection of Rule 12 in turn.

**a.      Rule 12(b)(1) - Lack of Subject Matter Jurisdiction**

This Court has stated that:

> A district court's exercise of jurisdiction over a federal statutory
> interpleader action requires that the following statutory prerequisites be
> satisfied: (1) the plaintiff must have had in "its custody money or property
> of the value of $500 or more"; (2) the plaintiff must deposit the money or
> property . . . into the registry of the court, there to abide the judgment of
> the court"; and (3) "two or more adverse claimants, of diverse citizenship .
> . . are claiming or may claim to be entitled to such money or property."

<u>Orseck, P.A. v. Servicios Legales De Mesoamerica S. De R.L.</u>, 699 F. Supp. 2d 1344,

1350 (S.D. Fla. 2010) (quoting 28 U.S.C. § 1335).[12]

Here, it is undisputed that the amount deposited with the Court exceeds the

$500 threshold. The diversity requirement is also met. "[Section] 1335 requires minimal

diversity among the claimants, that is, at least one claimant must be of diverse

citizenship from another claimant." <u>Ohio Nat. Life Assur. Corp. v. Langkau ex rel. Estate</u>

<u>of Langkau</u>, 353 F. App'x 244, 249 (11th Cir. 2009). In the instant case, one of the

defendants (Schmdt) is a United States citizen and the remaining defendants are either

---

[12] Federal interpleader may be brought under Title 28, Untied States Code, 1335 and Rule 22 of the Federal Rules of Civil Procedure. <u>Ohio Nat. Life Assur. Corp. v. Langkau ex rel. Estate of Langkau</u>, 353 F. App'x 244, 249 (11th Cir. 2009). "The difference is that § 1335 interpleader has more liberal procedural rules." <u>Ohio Nat. Life Assur. Corp. v. Langkau ex rel. Estate of Langkau</u>, 353 F. App'x 244, 249 (11th Cir. 2009). The instant Complaint was brought under section 1335.

9

Russian citizens, are organized under the laws of Russia or the British Virgin Islands and/or have their principal place of business in Russia. See Complaint (DE# 1 at ¶¶ 2-6, 2/22/16).

At issue in the instant case is the third requirement, that "two or more adverse claimants . . . are claiming or may claim to be entitled to . . . money or property." Orseck, 699 F. Supp. 2d at 1350. The Settling Parties argue that there are not two or more adverse claimants in the instant interpleader action because:

> (1) as a matter of law, pursuant to the Settlement Agreement, Frank is liable only to the Settling Parties, who (unlike Schmdt and Pirozhnikov) are the "Settling Plaintiffs" as defined in that agreement; and (2) as a matter of law, pursuant to the Division Agreement, the Settling Parties are not adverse to one another, but instead have agreed among themselves regarding the division of the settlement funds.

Settling Parties' Verified Motion to Dismiss Complaint (DE# 72 at 7, 7/8/16).

The Settling Parties' own motion to dismiss acknowledges the existence of a dispute between the Settling Parties and the Participant Parties. The Settling Parties assert that:

> On January 18, 2016, Katcaev – on behalf of RM, Varwood, and himself – sent a letter (filed in this action, without the attachments thereto, as D.E. 34-3) to Frank instructing and demanding that the net Settlement Funds (i.e., after deducting Frank's fee and unpaid costs) be disbursed to the undersigned law firm for distribution among the Settling Parties.

Settling Parties' Verified Motion to Dismiss Complaint (DE# 72, 7/8/16). The Settling Parties further acknowledge that "[t]he Participant Parties, however, have demanded that the bulk of the Settlement Funds be paid to them, directly and individually, rather than to RM." Id. Thus, the Settling Parties' own motion to dismiss the Complaint evidences a clear dispute concerning which party or parties is entitled to the Settlement Proceeds.

In its reply, the Settling Parties acknowledge a dispute between the Settling Parties and the Participant Parties, nonetheless, the Settling Parties maintain that the instant action should still be dismissed because the plaintiff does not have "a real and reasonable fear of multiple litigation." Defendants' Reply Memorandum of Law in Further Support of Motion to Dismiss Complaint (DE# 94 at 2, 8/4/2016) (internal quotation marks omitted). The Settling Parties also assert that "[c]ritically, neither Frank nor the Participant parties dispute, and thus concede, that as a matter of law pursuant to the Settlement Agreement, Frank is liable only to the Settling Parties, who (unlike the Participant Parties) are the 'Settling Plaintiffs' as defined in that agreement." Reply Memorandum of Law in Further Support of Motion to Dismiss Complaint (DE# 94 at 9, 8/4/2016). This statement is not supported by the record. First, the plaintiff has not taken a position as to which of the competing claims have merit because that is the purpose of this interpleader action. Second, it is clear from the Participant Parties' filings that the Participant Parties take issue with the manner in which the Settling Parties assert that the remaining Settlement Proceeds should be apportioned, particularly the amount that should be distributed to Varwood pursuant to the Division Agreement. See The RM Invest Parties' Opposition to Motion to Dismiss Complaint (DE# 87, 7/25/16). The Settling Parties contest the validity of the Division Agreement and take the position that no portion of the remaining Settlement Proceeds should go to Varwood. If the Division Agreement is invalidated, then there exists multiple claims (RM Invest and Varwood's claims) against the same fund (the remaining Settlement Proceeds). Thus, the plaintiff does have a real and reasonable fear of multiple litigation

11

and all of the requirements of subject matter jurisdiction are met.

The Eleventh Circuit has explained that an "[i]nterpleader action proceeds in two stages. . . . At the first stage, the court determines whether interpleader is proper and whether to discharge the stakeholder from further liability to the claimants. . . . At the second stage, the court evaluates the respective rights of the claimants to the interpleaded funds." Ohio Nat. Life Assur. Corp. v. Langkau ex rel. Estate of Langkau, 353 F. App'x 244, 248 (11th Cir. 2009) (citation and internal quotation marks omitted). The instant action is currently at the first stage. "At this stage, the Court decides whether [the plaintiff] has 'a real and reasonable fear of double liability or vexatious, conflicting claims' against the single fund . . . '**regardless of the merits of the competing claims**.'" Metro. Life Ins. Co. v. Bell, No. 6:14-CV-473-ORL-22, 2015 WL 926040, at *3 (M.D. Fla. Mar. 4, 2015)(quoting Fidelity Brokerage, 192 F. Supp. 2d at 178) (emphasis added). "During the first step, 'a court need not analyze the merits of the claims because "[t]he stakeholder should not be obliged at its peril to determine which of two claimants has the better claim."'" Id. Here, the plaintiff has a "real and reasonable fear of multiple litigation" as evidence by the Settling Parties and Participant Parties' dispute concerning the remaining Settlement Proceeds. The Court should not address the merits of parties' competing claims to the remaining Settlement Proceeds at this stage in the proceedings.[13]

---

[13] Because the Court should not address the merits of the parties' competing claims to the remaining Settlement Proceeds, it is not necessary for the Court to address the parties' argument concerning whether Florida law, New York law or Pennsylvania law applies to the instant proceedings. The plaintiff also interjects extraneous issues which are not relevant to the instant motions to dismiss such as the applicability of Florida bar rules and the propriety of an aggregate settlement. Because these issues have no bearing on the instant motions to dismiss for lack of subject

To the extent the Settling Parties' motion to dismiss the Complaint challenges the validity of the Participant Parties' claims concerning the proper division of the Settlement Proceeds – arguing that "as a matter of law" Frank is only liable to the Settling Parties – that issue would implicate the merits of the instant action and should not be decided on a 12(b)(1) challenge to this Court's jurisdiction:

> When the facts necessary to sustain jurisdiction implicate the merits of the underlying claim, "[t]he proper course of action for the district court is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case . . . . [thereby forcing the defendant] to proceed under Rule 12(b)(6) or Rule 56."

Holy Cross Hosp., Inc. v. Baskot, No. 10-62133-CIV, 2010 WL 5418999, at *4 (S.D. Fla. Dec. 23, 2010) (quoting Morrison v. Amway Corp., 323 F.3d 920, 925 (11th Cir. 2003)). An interpleader action is permitted even where one of the competing claims appears to be more meritorious than the others. See Reliastar Life Ins. Co. v. Knighten, No. 504CV221OC10GRJ, 2005 WL 1309411, at *3 (M.D. Fla. June 1, 2005) (stating "[a]lthough it is presently clear that [one of the defendant]'s claim will be meritorious . . . the Plaintiff had a right to file this action in interpleader to avoid the vexation and expense of resisting the adverse claim."). The undersigned expresses no opinion on the merits of the competing claims, it is sufficient that the Settling Parties and the Participant Parties dispute the division of the remaining Settlement Proceeds.

Based on the foregoing, the Court has subject matter jurisdiction over the instant interpleader action and the Settling Parties' Rule 12(b)(1) challenge to this Court's jurisdiction should be **DENIED**.

---

matter jurisdiction and for failure to state a claim, the undersigned will not address them further in this Report and Recommendation.

The undersigned will address the Settling Parties' Rule 12(b)(6) challenge below.

**b.      Rule 12(b)(6) - Failure to State a Claim**

The Settling Parties further argue that the Complaint for interpleader must be dismissed for failure to state a claim under Rule 12(b)(6). "In an interpleader action, the burden is on the party seeking interpleader to demonstrate that he is entitled to it." Hauger v. John Hancock Life Ins. Co., (USA), No. 8:07CV1711T-EAJ, 2008 WL 341432, at *3 (M.D. Fla. Feb. 5, 2008).

The Settling Parties argue that:

> Frank's Complaint . . . fails to state a claim upon which relief can be granted insofar as it does not: (1) attach the Settlement Agreement, or contain any allegations as to the relative entitlements of the Settling Parties and Participant Parties thereunder; (2) identify the legal or factual issues that have purportedly left Frank in doubt; or (3) allege any facts supporting Frank's claim that it "is or may be exposed to multiple liability."

Settling Parties' Verified Motion to Dismiss Complaint (DE# 72 at 3, 7/8/16). The undersigned is not persuaded by any of these grounds.

Under the facts of the instant case, where the Settlement Agreement does not address the division of the Settlement Proceeds, there is no requirement that the Settlement Agreement be attached to the Complaint. Because the Settlement Agreement does not provide for the division of the Settlement Proceeds, the plaintiff is not seeking any relief under the Settlement Agreement. Thus, there is no requirement that the Settlement Agreement be attached to the Complaint.

The undersigned also rejects the argument that the Complaint fails to state a claim because it does not "identify the legal or factual issues that have purportedly left Frank in doubt." Settling Parties' Verified Motion to Dismiss Complaint (DE# 72 at 3,

7/8/16). "For interpleader to be proper, the stakeholder must show that the stakeholder

has been or may be subjected to adverse claims that could expose the stakeholder to

multiple liability on the same fund. The adverse claims need not be formal, and the

stakeholder need not judge the merits of the claims." Ohio Nat. Life Assur. Corp. v.

Langkau, No. 3:06-CV-290-J-33MCR, 2006 WL 3162354, at *2 (M.D. Fla. Nov. 2,

2006), aff'd sub nom. Ohio Nat. Life Assur. Corp. v. Langkau ex rel. Estate of Langkau,

353 F. App'x 244 (11th Cir. 2009). Here, the Complaint alleges that:

> 11. Thereafter the Claimants, the Defendants herein, dispute[ ] the
> amount of disbursements to be made to each of the Claimants out of the
> settlement proceeds.
>
> 12. Under the circumstances, [FRANK] cannot determine factually or
> legally the amounts payable to each of the Claimants under the
> settlement agreement. By reason of the actual or potential claims of the
> interpleading defendants, ALFLAW is or may be exposed to multiple
> liability.

Complaint (DE# 1 at ¶¶ 11-12, 2/22/16). Therefore, the Complaint sufficiently alleges a

dispute between competing claimants which may expose the plaintiff to multiple liability.

   The Settling Parties' argument that the complaint fails to state a claim because

only the Settling Parties have a viable claim to the remaining Settlement Proceeds

should be rejected at this juncture. In effect, the Settling Parties are asking the Court to

rule on the merits of the instant action and to award them the remaining Settlement

Proceeds. On a Rule 12(b)(6) motion to dismiss, the Court should not weigh the

evidence of determine the strength of the parties' competing claims. "At this stage, it is

sufficient that two different parties . . . made claims for the [proceeds] that cannot be

simultaneously satisfied." Jacques v. Prudential Ins. Co. of Am., No.

8:16-CV-1297-T-33TGW, 2016 WL 3746538, at *3 (M.D. Fla. July 12, 2016), order

clarified sub nom. <u>KRISTEN JACQUES, ET AL., Plaintiffs, v. SHERYL JACQUES, Defendant.</u>, No. 8:16-CV-1297-T-33TGW, 2016 WL 6493927 (M.D. Fla. Nov. 2, 2016)(citing 28 U.S.C. § 1335(a)(1)). Accordingly, the Complaint should not be dismissed for failure to state a claim.

Based on the foregoing, the Settling Parties' request for a dismissal of the Complaint pursuant to Rule 12(b)(6) should be **DENIED**.

## 2.   Motion to Dismiss Crossclaim (DE# 106)

The Settling Parties also move to dismiss the Crossclaim filed by the Participant Parties. The Settling Parties argue that: (1) the Participant Parties lack standing to bring the Crossclaim (2) even if the Participant Parties have standing, "the substance of the Crossclaim does not present an 'actual controversy' over which the Court has subject matter jurisdiction;" (3) "even if the Crossclaim did present a justiciable controversy, this Court should decline to exercise its discretionary jurisdiction under the Declaratory Judgment Act given the injunction entered in the Russian proceedings;" and (4) "the Court should still dismiss the Crossclaim for failure to state a claim upon which relief can be granted." <u>See</u> Settling Parties' Renewed Motion to Dismiss Crossclaim [D.E. 24] (DE# 106 at 2-3, 9/2/16).

The Crossclaim challenges the validity of the Division Agreement on two grounds: (1) Dmitry Grudtsin, the person who executed the Division Agreement on behalf of RM Invest, was not properly appointed as RM Invest's General Director because Mr. Grudtsin's appointment "was not made during a general meeting of the members of RM Invest, and therefore was illegal and invalid under Russian law" and (2) "even if Mr. Grudtsin had been a valid General Director at the time [the Division

16

Agreement was executed], a General Director cannot act with respect to a 'major transaction' such as the one involving the settlement funds that constituted more than 25% of the company's assets, without direction from a general meeting." Crossclaim (DE# 24 at ¶8, 5/9/16).[14]

In response to the Settling Parties' standing argument, the Participant Parties state that "[b]ecause the Complaint in Interpleader satisfies the subject matter jurisdiction requirements of Section 1335, no independent jurisdictional basis is required for the Majority Owners of RM Invest – which seeks adjudication of the parties' respective rights to the same settlement funds at issue in the Complaint in Interpleader." Majority Owners of RM Invest's Opposition to "Settling Parties" Renewed Motion to Dismiss Crossclaim (DE# 112 at 8, 9/19/16). This Court's subject matter jurisdiction over the interpleader action is not determinative of whether the Participant Parties have standing to maintain their Crossclaim. The undersigned notes that as pled, the Crossclaim is being brought by Sasha Schmdt and Sergey Pirozhnikov only and not RM Invest. See Crossclaim (DE# 24 at 1, 5/9/16).

The Participant Parties further address the standing argument by asserting that the instant case is distinguishable from Hawes v. Gleicher, 745 F.3d 1337 (11th Cir. 2014) because Hawes involved "[a] proposed intervenor [who] was a shareholder and

---

[14] The Settling Parties argue that "[t]aken to its logic end, this rationale (i.e., because Grudtsin's appointment in 2012 was invalid, his execution of the Division Agreement in 2016 must also be invalid) commands that every single act by RM from September 2012 through the present (including the Settlement Agreement itself) be invalidated." Settling Parties' Renewed Motion to Dismiss Crossclaim [D.E. 24] (DE# 106 at 12, 9/2/16). However, Dmitry Grudtsin was not a signatory to the Settlement Agreement and the Settling Parties do not otherwise explain why the Settlement Agreement would be invalidated if the Court ultimately invalidates the Division Agreement.

creditor of the defendant requesting intervention to defend the corporation against the third party's claim" and the dispute here is "between three individual interest holders, one of whom wants to siphon corporate assets to his shell corporation in the British Virgin Islands and two of whom oppose that plan." Id. 8-9. This argument does not address why the Participant Parties have standing to assert their Crossclaim.

Article III standing requires: "(1) an injury in fact, meaning an injury that is concrete and particularized, and actual or imminent, (2) a causal connection between the injury and the causal conduct, and (3) a likelihood that the injury will be redressed by a favorable decision." Granite State Outdoor Adver., Inc. v. City of Clearwater, 351 F.3d 1112, 1116 (11th Cir. 2003). The burden to show standing is on the party asserting the claim. Id. The Participant Parties have failed to address the requirements of standing in their opposition memorandum. Because the Participant Parties have not met their burden of showing that they have standing to bring the Crossclaim, the Court should DISMISS the Crossclaim.

The Settling Parties' Renewed Motion to Dismiss Crossclaim [D.E. 24] (DE# 106, 9/2/16) should be **GRANTED** because the Participant Parties have failed to show standing.

The dismissal of the Crossclaim does not entitle the Settling Parties to the remaining Settlement Proceeds. The Participant Parties may still assert their challenges to the Division Agreement and to the distribution of the remaining Settlement Proceeds as defendants in this interpleader action. As noted above, "the respective rights of the claimants to the interpleaded funds," are determined at the second stage of an interpleader action. Ohio Nat. Life Assur. Corp., 353 F. App'x at 248.

18

**RECOMMENDATION**

In accordance with the foregoing, the undersigned respectfully recommends that the Settling Parties' Verified Motion to Dismiss Complaint (DE# 72, 7/8/16) be **DENIED** and the Settling Parties' Renewed Motion to Dismiss Crossclaim [D.E. 24] (DE# 106, 9/2/16) be **GRANTED**.

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Cecilia M. Altonaga, United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this **1st** day of December, 2016.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Altonaga
All Counsel of Record